FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 22, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT SHAWN PETTIE,<br><br>    Defendant. | NO. 2:12-CR-06056-SAB<br><br>**ORDER DENYING MOTION TO MODIFY SENTENCE** |

    Before the Court is Defendant's Amended Motion to Modify Sentence Due to the Extraordinary and Compelling Circumstances Attendant to Defendant's Custodial Environment and Prior Infection Pursuant to 18 U.S.C. § 3582(c)(1)(A). The motion was heard without oral argument. Defendant is represented by Jason Carr; the United States is represented by Alison Gregoire.

    Within the framework of the First Step Act of 2018, Defendant asks the Court to release him from custody, extend his term of supervised release, and place him on home confinement for the remaining portion of his custodial sentence. On February 20, 2015, Defendant was sentenced to 192 months, after he plead guilty to Distribution of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1). His projected release date from the Bureau of Prisons is August 19, 2028.

    Defendant asserts he is at a high risk of hospitalization or death due to the COVID-19 pandemic and conditions at Federal Correction Center Lompoc, where he is currently housed. Specifically, Defendant asserts his obesity causes him to be at an increased risk of severe COVID-19 symptoms. Defendant tested positive for

**ORDER DENYING MOTION TO MODIFY SENTENCE \* 1**

COVID-19 on May 5, 2020. He recovered but now complains of lingering effects. In follow-up examinations, his lungs were found to be clear.

Here, Defendant has not met his burden of establishing the existence of extraordinary and compelling reasons that warrant a sentence reduction; and the 18 U.S.C. § 3553(a) factors do not support a sentence reduction. While obesity places adults at an increased risk of severe illness from COVID-19, this increased risk by itself is insufficient for compassionate release. Notably, Defendant contracted COVID-19 and his obesity did not appear to cause any additional complications. The fear of contracting COVID-19 a second time is not an extraordinary and compelling reason for compassionate release. Also, Defendant has not presented the Court with an adequate release plan. He fails to suggest how he would be better protected from COVID-19 if released than he would be the FCI Lompac, which currently is not reporting any cases. Now that the vaccine is being actively administered, the reasons for early release are less compelling.

Finally, the factors set forth in 18 U.S.C. § 3553(a) do not support a sentence reduction. Defendant is serving his current sentence after previously serving a sixty-month sentence for a federal drug trafficking crime. Clearly, Defendant did not learn his lesson the first time and there is no indication he has learned his lesson this second time. Simply put, there is no indication that Defendant would not return to his drug trafficking activities upon release.

//
//
//
//
//
//
//
//

**ORDER DENYING MOTION TO MODIFY SENTENCE ~ 2**

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Amended Motion to Modify Sentence Due to the Extraordinary and Compelling Circumstances Attendant to Defendant's Custodial Environment and Prior Infection Pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 215, is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 22nd day of December 2020.



Stanley A. Bastian
United States District Judge

**ORDER DENYING MOTION TO MODIFY SENTENCE \* 3**